UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRACY D. MITCHELL | CIVIL ACTION NO. 1:10-cv-01018 |
| -vs- | JUDGE DRELL |
| UNION TANK CAR LLC | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is a "Motion to Dismiss for Failure to State a Claim" filed by Union Tank Car LLC (Doc. 10). Defendant seeks to dismiss the complaint filed by Tracy D. Mitchell. For the reasons described herein, the motion is GRANTED IN PART and DENIED IN PART.

I.      Procedural Background

On June 22, 2010, Tracy Mitchell filed a Petition for Damages (Doc. 1) alleging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Defendant then filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10). Plaintiff has responded with a memorandum in opposition (Doc. 15) to which Defendant replied (Doc. 16). We have considered all of the filed documents, and the disposition of the motion to dismiss is now ripe.

II.  Law and Analysis

Our reading of the complaint indicates that plaintiff has tried to allege the following claims: (1) discrimination, (2) retaliation, and (3) hostile work environment.

A.  Legal Standards

1.  *12(b)(6) Motion to Dismiss*

There has been much ado concerning the standard for plaintiffs to survive a 12(b)(6) motion since the Supreme Court handed down Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and its companion, Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Commencing with these decisions, federal courts have been grappling with the parameters of the Supreme Court's following statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). This "plausibility" requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). Simply put, if "the plaintiff pleads factual content that allows the court to draw the inference that the defendant is liable for the misconduct alleged," the 12(b)(6) motion should be denied. Id.

2.  *Determining "Plausibility" of Title VII Claims*

The flagship case for the standards controlling Title VII claims is McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). The McDonnell-Douglas Court employed a burden shifting framework which first requires the plaintiff to set forth his prima facie case. Id. at 802. However, the prima facie case "is an evidentiary standard, not a

2

pleading requirement." Swierkiewicz v. Soreman, 534 U.S. 506, 510 (2002).[1] The Fifth Circuit has decided that "for the purposes of surviving a Rule 12(b)(6) motion to dismiss, an employment discrimination plaintiff need not plead a prima facie case of discrimination."Puente v. Ridge, 324 Fed.Appx. 423, 427, 2009 WL 1311504, *3 (5th Cir. 2009) (internal citations and quotations omitted). The Puente court *considered* the McDonnell-Douglas framework a guideline for determining the plausibility of plaintiff's claim. Id. at 427–28. The plaintiff in Puente was not "exempt from her obligation to allege facts sufficient to state all the elements of her claim." Id. at 428. Accordingly, we find that the prima facie elements of each claim are properly used as guidelines in determining the plausibility of Plaintiff's claims.

B.   Application of Facts to Prima Facie Elements

   1.   *Discrimination Claim*

In order to establish a prima facie case for discrimination, the plaintiff must provide evidence that he:

(1) is a member of a protected class;

(2) was qualified for [his] position;

(3) was subject to an adverse employment action; and

---

[1] It should be noted that the Supreme Court decided Swierkiewicz five years prior to Twombly and seven years prior to Iqbal. Our learned colleague in the Eastern District of Louisiana, Judge Sarah Vance, has, we think, provided an articulate and succint explanation of this issue: "*Twombly* discusses *Swierkiewicz* in its text, but it does not overturn it. Indeed, *Twombly* suggests that its analysis does not run counter to *Swierkiewicz*. The Court thus interprets the current pleading standards for a Title VII case to reconcile *Swierkiewicz*, *Twombly*, and *Iqbal*" Moore v. Metropolitan Human Serv. Dist., 2010 WL 1462224, *3 (E.D. La. April 8, 2010).

3

> (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably.

Okoye v. Univ. of Texas Houston Health Sci. Ctr., 245 F.3d 507, 512–13 (5th Cir. 2001) (internal quotations and citations omitted).

Plaintiff is African-American and thus part of a protected class. However, the complaint does not allege facts which even suggest Plaintiff was qualified for the positions for which he sought promotions. The complaint states that Plaintiff had worked as an "assembler," but nothing indicates this position and experience qualified him for either the positions as "Welder B" or "Machine Operator" for which he submitted bids for employment and was denied. There are also no facts to support the assertion that individuals who were placed in those positions were "similarly situated" to Plaintiff in terms of qualifications such as extent of training or work experience. Accordingly, the defendant's 12(b)(6) motion will be GRANTED as to this claim. We will, however, give plaintiff twenty (20) days to amend his complaint, if he can.

2. *Retaliation Claim*

In order to establish a prima facie case for retaliation, the plaintiff must provide evidence that:

> (1) he was engaged in a protected activity;
>
> (2) an adverse employment action occurred; and
>
> (3) a causal link existed between the protected activity and the adverse action.

4

Septimus v. Univ. of Houston, 399 F.3d 601, 610 (5th Cir. 2005) (internal citations omitted).

Plaintiff fails to assert facts that he was engaged in a protected activity prior to the alleged retaliatory statements and actions by his co-employees. The complaint states that Plaintiff contacted his employer's ethical system line to report an incident between his immediate supervisor and him. Plaintiff's supervisor is said to have approached him concerning a damaged piece of equipment, but the supervisor did not engage in conduct "that could even plausibly be considered discriminatory in nature." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 349 (5th Cir. 2007). Plaintiff's activity of reporting this incident is similar to a communication sent by the plaintiff in Turner in which she reported a conflict with a co-worker. Id. The incident between Mr. Mitchell and his supervisor is not suggested to constitute an "unlawful employment practice under Title VII." Therefore, Plaintiff was not engaged in a protected activity. Id. His retaliation claim fails and Defendant's 12(b)(6) motion will be GRANTED as to this claim. As with the discrimination claim, we will grant the plaintiff twenty (20) days to amend his complaint.

    *3.    Hostile Work Environment Claim*

The Supreme Court has decided that "hostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment." National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 116, n.10 (2001). The Fifth Circuit has identified the following standard for evaluating claims based on such harassment:

5

> (1) plaintiff is a member of a protected group;
>
> (2) plaintiff was the victim of uninvited [racial] harassment;
>
> (3) the harassment was based on [race];
>
> (4) the harassment affected a term, condition, or privilege of [plaintiff's] employment; and
>
> (5) plaintiff's employer knew or should have known of the harassment and failed to take prompt remedial action.

Harvill v. Westward Communications, L.L.C., 433 F.3d 428, 434 (5th Cir. 2005) (internal quotations and citations omitted).

As mentioned above, Plaintiff is African-American and thus part of a protected group. We find that Plaintiff has alleged facts to make it plausible that he was the victim of uninvited racial harassment. Plaintiff asserts that his supervisor referred to Plaintiff's image in the window by using the phrase "See the monkey in the glass?" Such a statement, if true, clearly constitutes harassment based on race and was uninvited by the plaintiff. As to the fourth element, "[t]o affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 479 (5th Cir. 2008) (internal quotations and citations omitted). The "monkey" comment combined with additional hateful comments illustrate the plausibility of an "abusive working environment." Id. The complaint alleges numerous other harsh statements by Plaintiff's supervisors which were said in the presence of co-employees; therefore we are unpersuaded that, for present purposes, Plaintiff's employer did not know or have

reason to know of the harassment. We find the presented allegations meet the plausibility requirement for Plaintiff's claim of a hostile work environment. Defendant's 12(b)(6) motion as to this claim is therefore DENIED.

SIGNED on this 26 day of September, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE