RECEIVED
SEP 25 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRACY D. MITCHELL | CIVIL ACTION NO. 1:10-cv-01018 |
| -vs- | JUDGE DRELL |
| UNION TANK CAR LLC | MAGISTRATE JUDGE KIRK |

### RULING

Pending before the Court is a "Motion for Summary Judgment" (Doc. 36) filed by Defendant, UTLX Manufacturing LLC.[1] For the following reasons, the motion will be GRANTED.

I.  Background

Plaintiff, Tracy D. Mitchell, was employed by Defendant as an assembler on January 22, 2007. In April 2007, Plaintiff contacted Defendant's ethical system hotline to report an incident involving Plaintiff and his supervisor, who allegedly accused Plaintiff of damaging a piece of equipment. Plaintiff claims he became the target of racial discrimination, retaliation, and workplace harassment after reporting this incident. Specifically, Plaintiff's amended complaint alleges he was denied promotions on four occasions between 2007 and 2008, and was subject to hateful comments by fellow employees and supervisors.

In October 2009, Plaintiff initiated a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") (Doc. 36-4, Exh. 2), and later amended

---

[1] Defendant is improperly named in the action as "Union Tank Car LLC."

his charge on December 13, 2009 (Doc. 36-1, Exh. 1). Both the initial questionnaire and the amended charge contain the allegation that Plaintiff applied for promotions but was denied, in addition to other allegations of discrimination not referenced in Plaintiff's current suit.

Plaintiff received a "Dismissal and Notice of Rights" from the EEOC (Doc. 10-1, Exh. 3), and filed the instant action on June 22, 2010 (Doc. 1), asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), for racial discrimination, retaliation, and hostile work environment. Defendant then moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 10).

In a ruling dated September 26, 2011, we dismissed Plaintiff's discrimination and retaliation claims without prejudice, leaving only his claim for hostile work environment. Mitchell v. Union Tank Car LLC., No. 10-1018, 2011 WL 4499317 (W.D. La. Sept. 26, 2011) (Doc. 17). Plaintiff then amended his complaint, with permission, on October 17, 2011, in an attempt to state viable claims for racial discrimination and retaliation. (Doc. 17). In response, Defendant filed the present motion for summary judgment to dismiss all three claims. (Doc. 36). Plaintiff has opposed the motion (Doc. 45) to which opposition Defendant has replied (Doc. 47). After considering the evidence and the pleadings, the Court rules as follows:

II. <u>Law and Analysis</u>

    A.    Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

2

matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

B. Discrimination

To establish a prima facie case for discrimination, Plaintiff must provide evidence that he:

(1) is a member of a protected class;

(2) was qualified for [his] position;

(3) was subject to an adverse employment action; and

(4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably.

Okoye v. Univ. of Tex. Hous. Health Sci. Ctr., 245 F.3d 507, 512–13 (5th Cir. 2001) (internal quotations and citations omitted).

Plaintiff is African-American and therefore part of a protected class. As to the second and fourth elements, however, Plaintiff's claim fails. This Court dismissed Plaintiff's discrimination claim in its previous ruling because Plaintiff did not allege facts that he was qualified for the positions for which he submitted bids for promotions, or that the individuals granted promotions were "similarly situated" to him in terms of

3

their qualifications. Plaintiff failed to remedy these deficiencies to state a viable claim of discrimination in his amended complaint, and there is no additional remedial evidence in the record; therefore, Defendant is entitled to judgment as a matter of law on this claim.

We begin with the first element. The amended complaint states that Plaintiff had experience as an assembler, shipbuilder, welder, and machine operator, but nothing indicates this work history qualified him for the Welder B or Machine Operator positions for which he sought promotions. To the contrary, employees were required to pass an elementary math test to qualify for these positions, and Plaintiff failed the test.[2]

As to the fourth element—others "similarly situated" to Plaintiff were favored in receiving promotions—Plaintiff is again unable to point to a genuine dispute of material fact. The amended complaint alleges promotions were given to "unskilled" individuals who had received training from Plaintiff, but Plaintiff offers no evidence concerning their qualifications, such as their prior work experience, extent of training, or test scores. In fact, after admitting his own failure on the qualifying math test, Plaintiff also admitted he did not know the scores of individuals who received the promotions. (Deposition, Doc. 36-3 at pp. 44–45; Opposition, Doc. 45 at p. 17). Plaintiff is unable to identify any similarly situated employee who was treated more favorably.

---

[2] Plaintiff's opposition states: "Plaintiff submitted bids for employment as a Welder B and machine operator. In order to qualify for these positions, Plaintiff had to pass an elementary mathematics test. . . . Plaintiff, despite having failed a math test, was qualified for a Welder B and machine operator position due to his previous experience." (Doc. 45. at p. 7, 17). Plaintiff also admitted his failure on the math test in his deposition. (Doc. 36-3 at p. 17).

4

### C. Retaliation

To establish a prima facie case for retaliation, Plaintiff must provide evidence that:

(1) he was engaged in a protected activity;

(2) an adverse employment action occurred; and

(3) a causal link existed between the protected activity and the adverse action.

Septimus v. Univ. of Hous., 399 F.3d 601, 610 (5th Cir. 2005) (internal citations omitted).

Plaintiff fails to assert facts that he was engaged in a protected activity prior to the alleged retaliation by his supervisors and co-employees. Although Plaintiff amended his complaint after our previous ruling in this case, Plaintiff continues to allege the same facts—that he became the subject of retaliation after reporting a grievance with his supervisor to Defendant's ethics hotline. The amended complaint contains no revisions or new allegations addressing Plaintiff's involvement in a protected activity. Therefore, we adopt the analysis set forth in our prior ruling and find Defendant is entitled to summary judgment on his retaliation claim.

### D. Hostile Work Environment

#### 1. *Exhaustion Requirement*

A Title VII claimant must exhaust all administrative remedies before pursuing an action in federal court. McLain v. Lufkin Indus, Inc., 519 F.3d 264, 273 (5th Cir. 2008). Exhaustion requires the plaintiff to file a written charge with the EEOC describing the alleged act(s) of discrimination and "requesting an investigation of the facts he claims support a Title VII claim." Turner v. Novartis Pharm. Corp., 442 Fed. App'x 139, 141 (5th Cir. 2011); 42 U.S.C. § 2000e-5(b). An administrative charge should contain "[a] clear and

concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a). The factual statement must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." " Id. § 1601.12(b).

While the Fifth Circuit does not condone suits "that exceed the scope of EEOC exhaustion," it does embrace a liberal, "fact-intensive" review of EEOC complaints: "[T]his court construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" McClain, 519 F.3d at 273 (citations omitted). The scope of the Court's inquiry "is not limited to the boxes checked." Frazier v. Sabine River Auth., 509 Fed. App'x 370, 374 (5th Cir. 2013). Rather, "[t]he crucial element of a charge of discrimination is the factual statement contained therein." Id. (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970)).

In Turner, the Fifth Circuit found summary judgment proper on plaintiff's hostile work environment claim because he failed to exhaust his administrative remedies. 442 Fed. App'x at 141. Similar to the case before us, the Turner plaintiff filed two charges with the EEOC detailing instances of discrimination and retaliation. Id. The Fifth Circuit determined "[n]either of the two charges reasonably encompasse[d] [plaintiff's] new claim of a hostile work environment." Id.[3]

---

[3] See also Frazier, 509 Fed. App'x at 374 (finding no exhaustion of a retaliation claim where the EEOC charge alleged only facts of discrimination because "[d]iscrimination and retaliation claims are distinct").

2.  *Analysis of Plaintiff's Claim*

In the present case, Plaintiff filed an initial and an amended charge with the EEOC, both describing acts of discrimination. (Doc. 36-4, Exh. 1 & 2). The factual statement in Plaintiff's intake questionnaire highlights the following discriminatory acts: (1) Plaintiff performed the work of senior positions but received a different pay; (2) Plaintiff submitted bids for the positions of Welder B and Machine Operator several times; (3) Supervisors often required Plaintiff to work alone in an area typically occupied by five employees. (Doc. 36-4, Exh. 2).[4] Similarly, the amended charge describes only a racial discrimination claim: "I have continuously applied for promotional positions and have been denied, but 3 White males and 1 White female, who were trained by me, have been promoted. . . . I believe I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended." (Doc. 36-4, Exh. 1).[5]

Both the intake form and the amended EEOC charge lack any facts to suggest Plaintiff was subject to unwelcome racial harassment in the workplace. Without such facts, neither filing reasonably includes Plaintiff's claim of a hostile work environment. Additionally, by his own admission, Plaintiff agrees he complained only of racial discrimination in his EEOC charge, despite having other possible grievances:

Q:   So when you filed this charge on December 13th, 2009, you didn't

---

[4] Plaintiff checked the "retaliation" box in his initial EEOC filing and the "race" box in his amended charge. (Doc. 36-4, Exh. 1 & 2).

[5] The "Particulars" also describe a written warning Plaintiff received for poor workmanship: "On September 30, 2009, I received a written warning for violating rule number 10. [Another employee] committed the same violations but he did not receive a written warning." In addition, Plaintiff added a final allegation by hand, which stated that Plaintiff was not recognized for a new work methodology while other employees were recognized "for the simple things." (Doc. 36-4, Exh. 1). However, Plaintiff did not raise these allegations with this Court in his original or amended complaints (Doc. 1; 17).

7

> have any other complaints about being discriminated against that are not listed on here?
> A: Well, no. Well, not on here.
> Q: I mean, all the complaints you had as of that time are listed on this charge; is that correct?
> A: What do you mean?
> Q: As of December 2009 when you filed this charge with the EEOC - -
> A: Yes.
> Q: did you have any other circumstances that you wanted to complain about?
> A: Well, there were other complaints; I had called the Mormon hotline, like, in '07 sometime. But that was because of, you know, the supervisor came up to me and cursed me out and got irate and hysterical for something I didn't do.
> Q: Is there any reason that you didn't list that on here?
> A: I kept note of it and - -

(Deposition, Doc. 36-3 at pp. 14–15).[6] We therefore conclude that Plaintiff failed to exhaust his administrative remedies in relation to his hostile work environment claim; accordingly, this claim also does not survive Defendant's motion for summary judgment.

---

[6] Plaintiff's summary judgment opposition is also silent as to an EEOC charge of hostile work environment: "The [EEOC] complaint stated that [Plaintiff] was seeking a charge of race discrimination and retaliation." (Doc. 45 at p. 8). Importantly, Plaintiff does not address the issue raised by Defendant of his failure to raise a hostile work environment claim in the EEOC charge beyond the mere conclusory assertion that "Plaintiff reference[d] these acts [of harassment, namely being called a "monkey"and a "crackhead" in front of co-workers] in his charge to the EEOC." (Opposition, Doc. 45 at p. 15).

III.   Conclusion

For the foregoing reasons, we find Defendant has shown there is no genuine dispute as to any material fact concerning Plaintiff's claims for racial discrimination, retaliation, or hostile work environment, and find Defendant is entitled to judgment as a matter of law on all claims. Accordingly, Defendant's "Motion for Summary Judgment" will be **GRANTED**. This suit will be **DISMISSED WITH PREJUDICE**.

SIGNED on this 24 day of September, 2013 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

9